IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 4:16-CR-0007 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| BRAHEEM JOHNSON, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
March 9, 2016

## I. INTRODUCTION

On January 14, 2016, a federal grand jury returned a six-count indictment charging Defendant Braheem Johnson, in Counts One, Two, and Three, with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), in Count Four with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), in Count Five with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g), and in Count Six with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

On February 5, 2016, Defendant filed a motion to suppress evidence discovered after the execution of a search warrant obtained on May 12, 2015, which he asserts was illegally obtained. In accordance with the following analysis, the Defendant's motion to suppress is denied.

1

## II. BACKGROUND

During the spring of 2015, the Lycoming County Narcotics Enforcement Unit began investigating Defendant for the distribution of heroin in Williamsport, Pennsylvania. The investigation consisted of controlled drug purchases on three separated occasions by a confidential informant. Specifically, the confidential informant purchased heroin from Defendant on April 10, 2015, May 4, 2015, and May 12, 2015. The first heroin purchase occurred in the area of Scott and Stevens Streets in the City of Williamsport, the second purchase occurred in the area of Stevens Street, and the third purchase occurred in the area of Rose Street.

The following protocol was followed in each controlled purchase: the confidential informant met with police and made a recorded phone call to Defendant to arrange a meeting place, the informant was searched, given pre-recorded money and a "body-wire" attached, and the informant then proceeded to the agreed upon location where police were ideally positioned to observe the transaction. On each of the control purchase dates, Defendant arrived to the agreed-upon location on foot, entered the informant's vehicle and sold him heroin, while the informant continued to drive. On each date that a controlled purchase occurred, Defendant sold the informant various amounts of heroin in blue packets stamped "Netflix."

2

In addition to the three controlled drug sales, the investigating officers observed Defendant exit a residence at 416 Berger Street on two separate occasions, once on May 8, 2015 and again on May 12, 2015, the same day the third controlled drug sale was conducted. That same day, Detective Matthew J. Keller of the Lycoming County Narcotics Enforcement Unit presented an Affidavit of Probable Cause (hereinafter "the affidavit") in support of a search warrant to search the second floor apartment of a Williamsport residence located at 416 Berger Street. The search warrant was signed and executed later that day, yielding a .22 caliber revolver, controlled substances, and paraphernalia, evidence which Defendant now seeks to suppress.

## III. DISCUSSION

Defendant contends that the search warrant lacked probable cause to believe that contraband or evidence of a crime would be found at the apartment at 416 Berger Street. Defendant argues that the Affidavit of Probable Cause failed to offer any evidence that 416 Berger Street was the domicile of Defendant or that contraband would be found at that address.

In reviewing a magistrate judge's issuance of a warrant, a court's only duty is to ensure that the magistrate judge had a "substantial basis" to determine that

probable cause existed.[1] A magistrate judge's "determination of probable cause should be paid great deference by reviewing courts."[2]

To determine probable cause to issue a search warrant, a magistrate judge must determine whether, "given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3] Evidence directly linking a particular residence to criminal activity, however, is not required to establish probable cause.[4] A magistrate judge can reasonably infer that a drug dealer has stored evidence of his crimes in his home as long there is evidence that:

> 1) the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities.[5]

A finding of probable cause "can be based on an accumulation of circumstantial evidence that together indicates a fair probability of the presence of contraband at the home of the arrested."[6]

Defendant concedes that the first factor is met based on the three sales of heroin to the confidential informant.[7] He argues, however, that there was

---

[1] *See Jones v. U.S.*, 362 U.S. 257, 271 (1960).
[2] *Spinelli v. U.S.*, 393 U.S. 410, 419 (1969).
[3] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).
[4] *U.S. v. Burton*, 288 F.3d 91, 104 (3d Cir. 2002) (*citing U.S. v. Hodge*, 246 F.3d 301, 305 (3d Cir.2001); *U.S. v. Whitner*, 219 F.3d 289, 297 (3d Cir.2000); *U.S. v. Conley*, 4 F.3d 1200, 1207 (3d Cir.1993); *U.S. v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993)).
[5] *Burton*, 288 F.3d at 104.
[6] *Id.* at 103.
[7] ECF No. 32 at 6.

insufficient evidence within the four corners of the affidavit presented to the magistrate judge to establish factors two and three.[8] The Government argues, on the other hand, that there was sufficient evidence articulated in the affidavit to establish all three factors.[9]

Additionally, the Government contends that even if there was not sufficient evidence to establish factors two and three, Defendant's motion to suppress should be denied because the police acted in good faith in their reliance upon the warrant's authority to search 416 Berger Street.[10] Defendant counters that the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[11]

## 1. **Probable cause for the search warrant**

Specifically, the affidavit states that during each of the three controlled drug sales, noted above, Defendant designated the meeting location at which the confidential informant would meet him.[12] The affidavit further specifies that Defendant arrived at each designated meeting location on foot.[13] The affidavit also indicates that surveillance had been conducted at 416 Berger Street and that

---

[8] *Id.* at 6-7.
[9] ECF No. 33 at 2.
[10] *Id.* at 3.
[11] ECF No. 34 at 4.
[12] ECF No. 33-1 at 9-10.
[13] *Id.* The Government argues that all three designated meeting locations were within walking distance of 416 Berger Street, leading to the conclusion that there was probable cause that 416 Berger Street was Defendant's residence. While the streets where the meeting locations took place were identified in the affidavit, however, their proximity to 416 Berger Street was not specified. Therefore, the magistrate judge did not have that information in making his finding of probable cause.

Defendant had been observed leaving the residence on two separate occasions.[14] Notably, the affidavit specifies that on one of those occasions Defendant was seen exiting 416 Berger Street "at 1359 hours" and "[p]rior to the controlled buy on Tuesday May 12, 2015."[15] The search warrant was signed by the magistrate judge at "550 pm" that same day.[16]

In *U.S. v. Thornton*,[17] the United States Court of Appeals for the Third Circuit found that there was sufficient evidence to find probable cause to search a residence when police observed the defendant, who had engaged in several drug transactions, enter and exit the residence searched immediately before and after selling drugs on two separate occasions. While the facts of the case at hand are not exactly akin to the facts in *Thornton*, the affidavit indicated that Defendant exited 416 Berger Street prior to the third controlled drug sale and specified the time as being 1:59 p.m. Between the time that Defendant exited the residence and the time the warrant was signed by the magistrate judge at 5:50 p.m., the controlled sale took place, the affidavit was created, the affidavit was filed, and the affidavit was reviewed by the magistrate judge. Therefore, while the affidavit does not specify that Defendant exited the home immediately prior to the controlled sale buy, sufficient information was provided to the magistrate that could lead him to

---

[14] *Id.* at 10.
[15] *Id.* at 10.
[16] *Id.* at Search Warrant.
[17] 559 Fed. Appx. 176, 179 (3d Cir. 2014).

6

conclude that Defendant left the residence immediately prior to conducting the controlled drug deal. That, paired with the fact that Defendant had been observed exiting the residence on a separate occasion, could lead the magistrate judge to conclude that there was probable cause to conclude that 416 Berger Street was Defendant's residence.

## 2. <u>Good faith exception</u>

Even if the affidavit lacked sufficient evidence to establish probable cause, the police acted in good faith on relying on the warrant. "Pursuant to the good faith exception, if an officer obtains a warrant and executes it in good faith, 'a court should not suppress evidence seized under [the] warrant's authority, even if it was subsequently invalidated . . . '"[18] The existence of a warrant is usually enough to establish that an officer conducted a search in good faith, but there are cases in which an officer's reliance on a warrant is not reasonable and would fail to trigger the good faith exception.[19] The applicable test to determine whether the good faith exception applies is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."[20] This can occur in the following narrow situations:

> (1) [when] the magistrate [judge] issued the warrant in reliance on a
> deliberately or recklessly false affidavit;

---

[18] *U.S. v. Brewer*, 2015 WL 2250150, *5 (M.D. Pa. May 12, 2015)(*citing U.S. v. Stearn*, 597 F.3d 540, 561 (3d Cir. 2010)).

[19] *U.S. v. Hodge*, 246 F.3d 301, 307-08 (3d Cir. 2001).

[20] *U.S. v. Leon*, 468 U.S. 897, 922 n. 23 (1984).

7

    (2) [when] the magistrate [judge] abandoned his judicial role and
        failed to perform his neutral and detached function;

    (3) [when] the warrant was based on an affidavit 'so lacking in indicia
        of probable cause as to render official belief in its existence
        entirely unreasonable'; or

    (4) [when] the warrant was so facially deficient that it failed to
        particularize the place to be searched or the things to be seized.[21]

In the instant matter, Defendant argues that the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[22] An affidavit is "so lacking in indicia of probable cause" when it contains nothing more than a bare bones assertion that evidence will be found in the place searched.[23]

The affidavit in question contains almost eleven pages of information establishing probable cause. The information provided to the magistrate judge includes information about the experience and background of the officer submitting the affidavit, detailed descriptions of each of the controlled drug transaction, and pages of background information on the subject. The affidavit also links the Defendant to 416 Berger Street and states that the Defendant was seen exiting the residence prior to the third controlled drug sale. This affidavit clearly

---

[21] *Hodge*, 246 F.3d at 308 (citing *U.S. v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993)).
[22] ECF No. 34.
[23] *Leon*, 468 U.S. at 926.

8

contained more than a bare bones assertion that evidence would be found. And evidence, of course, was found.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Defendant's motion to suppress the evidence obtained as a result of the May 12, 2015 search warrant is denied.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge